

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-0969-09 & PD-0811-09

### JULIAN MARS MCKITHAN & RALPH FRANKLIN WELSH, Appellants

### v.

### THE STATE OF TEXAS

### ON APPELLANTS' PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE FIRST AND SECOND COURTS OF APPEALS
### HARRIS AND TARRANT COUNTIES

**COCHRAN, J., filed a concurring opinion in which HOLCOMB, J., joined.**

### OPINION

I join the majority opinion. I think that these cases might be more easily addressed if we rephrased the appellants' grounds for review as follows: Does proof of a bodily-injury assault by kicking (or the use of "physical force and violence" in an aggravated sexual assault) necessarily require proof that the defendant intentionally caused physical contact with the victim that the defendant knew or reasonably should have known that the victim would regard as offensive or provocative? Of course not. Physical harm and physical force

are entirely different concepts from mental or moral offensiveness.[1]  One damages the body, the other damages the mind, emotions, or sense of well-being.  One is the intent to cause a physical injury, the other is the intent to cause a psychic injury.  One is "ouch," the other is "yuck."

Frequently, one who intends to cause bodily injury also intends to cause mental distress, anger, or disgust, but these are two separate offenses with two different intended results.[2]  One is a less serious offense than the other because the Legislature has determined that the intent to cause purely mental injuries of disgust or irritation is less culpable than the intent to cause physical injuries or pain.  It could have made both offenses equally serious, but it has chosen not to.

I therefore agree that offensive-contact assault is not a lesser-included offense of a bodily-injury assault alleging that the defendant "kicked" the victim.  The State will not necessarily prove that the defendant intended to physically contact the victim in an offensive manner as it proves that he intended to cause her bodily injury.  And the same is true for an

---

[1] The word "offensive" is commonly defined as "causing offense, specifically provocation; irritating; . . . disgusting; giving pain or unpleasant sensations; disagreeable."  Common synonyms are "displeasing, disagreeable, distasteful, obnoxious, abhorrent, disgusting, impertinent, rude, saucy, opprobrious, insulting, insolent, abusive, scurrilous."  WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY UNABRIDGED 1242 (1979).  The word "provocative" is commonly defined as "provoking or tending to provoke" and common synonyms for the verb provoke are "arouse, stir up, rouse, awake, cause, excite, move, induce, incite, stimulate, inflame, offend, irritate, anger, chafe, exasperate, incense, enrage."  *Id*. at 1450.

[2] Thus, one who "kicks" his wife may well intend both to make her hurt physically and to cause her psychic pain– to make her feel displeasure, distastefulness, or anger.   But another person who kicks his wife may not care at all that she finds his conduct offensive or provocative–he simply wants to beat her up.

aggravated sexual assault indictment that alleges that the defendant compelled the complainant to submit and participate in the sexual act "by the use of physical force and violence." A defendant may well intend that his rape victim feel disgusted and enraged by his unwanted physical acts,[3] but that intent is separate and apart from his use of physical force and violence to accomplish his objective. Again, using physical force is entirely different from intending to touch someone in a rude, displeasing, or obnoxious manner. Offensive-contact assault is therefore not a lesser-included offense of an aggravated sexual assault offense that explicitly requires "the use of physical force and violence."

Filed: November 10, 2010
Publish

---

[3] Obviously, most victims of aggravated sexual assault will feel disgusted, insulted, abused, and enraged by the attacker's unwanted physical contact, but the offensive-contact assault statute focuses on the defendant's intent and knowledge (or what he should reasonably have believed), not on the victim's reaction to the defendant's conduct. TEX. PENAL CODE § 22.01(a)(3) (a person commits an assault if he "causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative").